# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

FREDERICK PIÑA

An Individual,

*Plaintiff Pro Se*

v.

STATE FARM MUTUAL AUTOMOBILE

INSURANCE COMPANY

A California Corporation

*Defendant.*

| FILED |
|---|
| CLERK, U.S. DISTRICT COURT |
| 10/9/24 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY ___ CS ___ DEPUTY |
| DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM |

CASE NO:

CV24-8704-AB(Ex)

## DEMAND FOR A BENCH TRIAL

## VERIFIED COMPLAINT FOR DAMAGES

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, Plaintiff Pro Se *Frederick Piña* certifies the following information regarding Defendant *State Farm Mutual Automobile Insurance Company:*

1. <u>Parent Corporation</u>: Based on Plaintiff's information and belief, Defendant *State Farm Mutual Automobile Insurance Company* has no parent corporation.

2. <u>Publicly Held Corporation Owning 10% or More of Stock</u>: Based on Plaintiff's information and belief, no publicly held corporation owns 10% or more of the stock of *State Farm Mutual Automobile Insurance Company*.

3. <u>Subsidiaries and Affiliates</u>:

   Based on Plaintiff's information and belief, Defendant has the following subsidiaries or affiliates:

   - State Farm Life Insurance Company

- State Farm Fire and Casualty Company

- State Farm General Insurance Company

- State Farm Indemnity Company

These disclosures are made to assist the Court in determining any conflicts of interest and to ensure transparency in this proceeding.

Respectfully submitted,

/s/ Frederick Piña, *Plaintiff Pro Se*

Dated: Wednesday, October 9, 2024

# DISCLOSURE AND COMPLIANCE WITH LOCAL RULES

Plaintiff, *Frederick Piña*, proceeding pro se, hereby certifies the following disclosures and compliance with the Local Rules of the United States District Court for the Central District of California:

1. <u>Corporate Disclosure Statement</u>:

In compliance with Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, Plaintiff certifies the following information regarding Defendant, *State Farm Mutual Automobile Insurance Company*:

a. Parent Corporation: Based on Plaintiff's information and belief, Defendant has no parent corporation.

b. Publicly Held Corporation Owning 10% or More of Stock: Based on Plaintiff's information and belief, no publicly held corporation owns 10% or more of Defendant's stock.

4

c. Subsidiaries and Affiliates: Based on Plaintiff's information and belief, Defendant has the following subsidiaries or affiliates:

- State Farm Life Insurance Company

- State Farm Fire and Casualty Company

- State Farm General Insurance Company

- State Farm Indemnity Company

2. Compliance with Local Rule 7-3: Conference of Counsel Before Filing Motions:

Plaintiff acknowledges the requirement to meet and confer with opposing counsel before filing any motions as outlined in Local Rule 7-3, and will adhere to this rule if such motions are required.

3. Compliance with Local Rule 11-3: Formatting of Documents:

Plaintiff has complied with the formatting requirements of Local Rule 11-3, ensuring that this Verified Complaint is formatted in accordance with the prescribed type size, line spacing, and margins.

4. Compliance with Local Rule 83-2.2.2: Pro Se Litigants:

As a pro se litigant, Plaintiff acknowledges the requirement to follow the same procedural and substantive rules that govern attorneys under Local Rule 83-2.2.2 and will ensure adherence to all court orders, rules, and procedures throughout the litigation.

## INTRODUCTION:

This action arises from an extensive, calculated scheme of fraudulent, deceptive, and unlawful conduct orchestrated by Defendant, *State Farm Mutual Automobile Insurance Company* ("State Farm"), which has caused significant harm to the Plaintiff, *Frederick Piña*. As a pro se litigant, Plaintiff brings forth claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., 42 U.S.C. § 1983, and various other federal statutes, predicated on actions constituting fraud, obstruction of justice, and the deprivation of Plaintiff's constitutional rights under both the United States Constitution and the California Constitution.

State Farm, through its agents and attorneys, engaged in acts designed to manipulate the judicial process, deliberately suppressing material information and engaging in **extrinsic fraud.** These actions violate Plaintiff's fundamental right to a fair trial, as guaranteed by the Fourteenth Amendment to the U.S. Constitution, and contravene State Farm's obligations under the due process and equal protection clauses. Moreover, these actions stand in direct contravention of multiple

provisions of the California Constitution, including *Article I, Section 7*, which guarantees due process and equal protection under the law. The California Supreme Court has consistently held that **extrinsic fraud**— conduct preventing an adverse party from fully participating in litigation—warrants the reversal of judgments obtained through deceit. This case exemplifies the dangers of such unchecked fraudulent conduct in the courts.

The United States Supreme Court has long recognized the pernicious nature of **extrinsic fraud** and its devastating effects on the integrity of the judicial process. In *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), the Court ruled that judgments obtained through fraud upon the court must be set aside, affirming the principle that fraud strikes at the very heart of the judicial system, rendering any resulting judgment void. The Supreme Court's decision in *Hazel-Atlas* underscores the profound significance of ensuring that litigants are afforded a fair opportunity to present their case, and that no party should be allowed to benefit from its own malfeasance. Plaintiff's case echoes these very concerns, with State Farm's **extrinsic fraud** undermining the basic

tenets of justice and due process, both federally and under California's legal framework.

Furthermore, the Supreme Court in *Marshall v. Jerrico, Inc.*, 446 U.S. 238 (1980) reiterated that procedural due process requires an impartial and fair tribunal, free from manipulation or undue influence. By manipulating court proceedings, concealing critical evidence, and deliberately misleading the court, State Farm's actions subverted this constitutional imperative, thus warranting immediate judicial intervention.

Plaintiff invokes this Court's jurisdiction under 28 U.S.C. § 1331, as the claims raised are federal questions pertaining to civil RICO violations and constitutional breaches under 42 U.S.C. § 1983. Additionally, this Court is called upon to apply its inherent authority to address **fraud upon the court**, as recognized in Federal Rule of Civil Procedure 60(d)(3). The fraudulent concealment of material facts by State Farm's legal representatives also constitutes a blatant violation of the California Constitution, specifically its due process and equal protection

9

guarantees, as well as State law prohibitions against deceptive business practices under California's Unfair Competition Law (California Business and Professions Code § 17200).

Thus, this case presents substantial constitutional and legal issues that demand rigorous judicial scrutiny. State Farm's deliberate misuse of the judicial process, in violation of both federal and state law, necessitates a comprehensive review and the setting aside of the judgment obtained through fraud, ensuring that Plaintiff's right to justice—affirmed by both the U.S. and California Supreme Courts—is restored.

## DEFENDANT'S CORPORATE CONSPIRACY AND THEIR ILLEGAL UTILIZATION OF EXTRINSIC FRAUD

The story of this corporate conspiracy began on **December 7, 2021**, when I, the Plaintiff Pro Se, electronically served the **ERRATA TO THE FIRST AMENDED COMPLAINT FOR DAMAGES** through the court-approved e-filing third-party vendor **OneLegal.com** (See, "EXHIBIT A"). This ERRATA was meant to supersede the previously defective **First Amended Complaint for Damages**. The **Stanley Mosk Courthouse** was also served electronically on the same date. However, due to my personal circumstances—I was working an evening job at a luxury restaurant in Manhattan, New York—I inadvertently missed my virtual appearance before the presiding judge, **Judge David Sotelo (Ret.)**, in **Department 40** of the Los Angeles Superior Court.

Recognizing my absence and failure to appear, State Farm's corrupt attorneys saw an opportunity. These attorneys, armed with the private knowledge that I, the Plaintiff Pro Se, was unable to defend myself or represent my legal interests, capitalized on this missed appearance. They entered the courtroom with full knowledge that the ERRATA, which

would have corrected the defective pleading, had been duly filed. Nonetheless, they chose to conceal this critical document from Judge Sotelo, who, either inadvertently or as a result of this concealment, was never made aware of the ERRATA. This key document, which superseded the defective pleading, was thus never considered by the court.

As a result, on **September 13, 2022**, Judge Sotelo issued a **Judgment of Dismissal** following the **Sustaining of the Demurrer to the First Amended Complaint Without Leave to Amend**. This judgment was predicated on the outdated, defective pleading—despite the fact that the ERRATA had been properly and timely filed.

The Defendant's attorneys intentionally failed to disclose the ERRATA to the court, knowing that doing so would result in an unjust and adverse ruling against me. By concealing this critical document, they perpetrated **extrinsic fraud**, a serious crime under California law. This conduct unduly burdened and prejudiced me as the Plaintiff, leading to the unjust judgment extracted by State Farm through unlawful means.

This fraudulent scheme not only deprived me of my constitutional right to due process but also amounted to obstruction of justice, actionable

under federal and state law. Extrinsic fraud, by definition, involves the deliberate concealment of key facts outside the judicial record, preventing a party from fully and fairly litigating their case, and that is precisely what transpired in this case.

## PARTIES:

1. Plaintiff: *Frederick Piña* is a legal resident of Staten Island, New York, bringing this action pro se.

2. Defendant: State Farm Mutual Automobile Insurance Company is a California corporation with its principal place of business in Bloomington, Illinois, alongside it's California subsidiary, and conducts business nationwide, including within this District.

## JURISDICTION AND VENUE

1. Federal Question Jurisdiction: This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under federal statutes, including the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., and 42 U.S.C. § 1983, which present federal questions.

2. <u>Supplemental Jurisdiction</u>: This Court also has **supplemental jurisdiction** over the related state law claims, including those arising under the California Unfair Competition Law (UCL), California Business & Professions Code § 17200, pursuant to 28 U.S.C. § 1367(a). These state law claims form part of the same case or controversy as the federal claims, sharing a common nucleus of operative facts. Therefore, they are properly adjudicated together in this action.

3. <u>Venue</u>: Venue is proper in this Court under 28 U.S.C. § 1391(b) because the Defendant conducts business in this district, and a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred within this judicial district.

## <u>STATUTE OF LIMITATIONS</u>

1. <u>Fraudulent Concealment and Equitable Tolling</u>:

Under the doctrines of **fraudulent concealment** and **equitable tolling**, Plaintiff's claims are timely. The Defendant failed to disclose the "Errata to the First Amended Complaint for Damages," (See, "EXHIBIT B") filed with the Los Angeles County Superior Court on December 7, 2021, by the Court's Clerk, thereby concealing material facts from the court and Plaintiff. The fraudulent concealment by Defendant, as recognized in *Holmberg v. Armbrecht*, 327 U.S. 392 (1946), tolls the statute of limitations until the Plaintiff's discovery of the fraud, which occurred on September 13, 2022, when the judgment was improperly granted.

2. <u>Discovery Rule</u>:

Under the federal **discovery rule**, the statute of limitations begins to run when the Plaintiff knew or should have known of the injury, as affirmed in *Rotella v. Wood*, 528 U.S. 549 (2000). The Plaintiff became aware of the concealed Errata on September 13, 2022, thus, the statute of limitations should be calculated from this date.

## TIMELESSNESS OF EACH CAUSE OF ACTION

1. Civil RICO Act (18 U.S.C. § 1961 et seq.)

   - Statute of Limitations: 4 years (Begins when the plaintiff knew or should have known of the injury).

   - Application: Based on my claims, this injury was discovered on September 13, 2022. This action needs to be filed by September 13, 2026. *Plaintiff Pro Se meets his statute of limitations.*

2. 42 U.S.C. § 1983 (Civil Rights Violations)

   - Statute of Limitations: Determined by the state's personal injury statute; in California, the statute is 2 years.

   - Application: The conduct underlying the § 1983 claims occurred in 2021-2022. This action would need to be filed by 2024. *Plaintiff Pro Se meets his statute of limitations.*

16

3. Fraud on the Court

   - Statute of Limitations: No specific statute of limitations for fraud on the court; claims may be raised anytime the fraud is discovered, provided it has not been unreasonably delayed.

   - Application: You discovered the fraud on September 13, 2022.

*Plaintiff Pro Se meets his statute of limitations.*

4. Mail Fraud (18 U.S.C. § 1341) and Wire Fraud (18 U.S.C. § 1343)

   - Statute of Limitations: 5 years.

   - Application: These claims are based on acts occurring between 2021-2022. This action would need to be filed by 2027.

*Plaintiff Pro Se meets his statute of limitations.*

5. Due Process Violations (Under 42 U.S.C. § 1983)

   - Statute of Limitations: 2 years (California's personal injury statute).

   - Application: The underlying violations occurred between 2021-2022. This action would need to be filed by 2024.

*Plaintiff Pro Se meets his statute of limitations.*

6. Conspiracy to Defraud (18 U.S.C. § 371)

   - Statute of Limitations: 5 years.

   - Application: The conspiracy was ongoing between 2021-2022. This action would need to be filed by 2027.

*Plaintiff Pro Se meets his statute of limitations.*

7. Obstruction of Justice (18 U.S.C. § 1503)

   - Statute of Limitations: 5 years.

   - Application: The obstruction occurred in 2021-2022. This action would need to be filed by 2027.

*Plaintiff Pro Se meets his statute of limitations.*

8. Declaratory Judgment (28 U.S.C. § 2201)

   - Statute of Limitations: The statute of limitations for declaratory relief generally follows the underlying claim. For federal claims, this is typically 4-5 years.

   - Application: Based on your RICO and civil rights claims, declaratory relief would still be timely.

*Plaintiff Pro Se meets his statute of limitations.*

9. Unfair Competition (California Business & Professions Code § 17200)

   - Statute of Limitations: 4 years.

   - Application: The unfair business practices occurred between 2021-2022. This action would need to be filed by 2025.

*Plaintiff Pro Se meets his statute of limitations.*

10. Intentional Infliction of Emotional Distress (IIED)

   - Statute of Limitations: 2 years (California's personal injury statute).

   - Application: The emotional distress occurred between 2021-2022. This action would need to be filed by 2024.

*Plaintiff Pro Se meets his statute of limitations.*

11. Negligent Misrepresentation

   - Statute of Limitations: 2-3 years (California).

   - Application: The misrepresentation occurred between 2021-2022. This action would need to be filed by 2024-2025.

*Plaintiff Pro Se meets his statute of limitations.*

12. Unjust Enrichment

   - Statute of Limitations: 3-4 years (California).

   - Application: The unjust enrichment occurred between 2021-2022. This action would need to be filed by 2025.

*Plaintiff Pro Se meets his statute of limitations.*

13. Constructive Fraud

   - Statute of Limitations: 3 years (California).

   - Application: The fraud occurred between 2021-2022. This action would need to be filed by 2025.

*Plaintiff Pro Se meets his statute of limitations.*

14. Civil Conspiracy

   - Statute of Limitations: 4 years (California).

   - Application: The conspiracy occurred between 2021-2022. This action would need to be filed by 2026.

*Plaintiff Pro Se meets his statute of limitations.*

15. Civil Perjury

   - Statute of Limitations: 5 years.

   - Application: The perjury occurred between 2021-2022. This action would need to be filed by 2027.

***Plaintiff Pro Se meets his statute of limitations.***

## FACTUAL ALLEGATIONS

1. Plaintiff entered into an insurance contract with Defendant State Farm, which Defendant, through its agents and attorneys, fraudulently manipulated.

2. Defendant engaged in a scheme to defraud Plaintiff and the courts by concealing material documents, including the <u>Errata to the First Amended Complaint</u>, and submitting false information, violating both state and federal laws, including 18 U.S.C. §§ 1341 and 1343 (Mail and Wire Fraud).

3. The Defendant's fraudulent conduct deprived Plaintiff of his constitutional right to due process, as the judgment was based on incomplete and defective pleadings, constituting **extrinsic fraud**, and actionable under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

## FIRST CAUSE OF ACTION:

Civil RICO Act (18 U.S.C. § 1961 et seq.)

1. Plaintiff incorporates by reference all prior allegations.

2. Defendant State Farm, through its agents and attorneys, engaged in a pattern of racketeering activity, including **mail fraud** (18 U.S.C. § 1341), **wire fraud** (18 U.S.C. § 1343), and **obstruction of justice** (18 U.S.C. § 1503), each of which are predicate acts under the RICO statute.

3. The Defendant's conduct constitutes an ongoing criminal enterprise, depriving Plaintiff of a fair judicial process, consistent with the ruling in *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985), which confirmed that civil RICO provides a private right of action where a pattern of racketeering is present.

## SECOND CAUSE OF ACTION:

42 U.S.C. § 1983 (Civil Rights Violations)

1. Plaintiff incorporates by reference all prior allegations.

2. Defendant State Farm acted under color of state law, in concert with judicial officers or by exerting undue influence on the state court system,

depriving Plaintiff of his right to due process under the *Fourteenth Amendment,* as articulated in *Monroe v. Pape,* 365 U.S. 167 (1961) and its progeny.

3. The actions of Defendant's agents, including withholding key documents from the court, constitute a deprivation of Plaintiff's rights under 42 U.S.C. § 1983, entitling Plaintiff to relief.

## THIRD CAUSE OF ACTION:

### Fraud on the Court

1. Plaintiff incorporates by reference all prior allegations of this Verified Complaint as though fully set forth herein.

2. Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), through its agents, attorneys, and representatives, engaged in a scheme to perpetrate fraud on the court by intentionally concealing material facts, including the <u>Errata to the First Amended Complaint</u>, with the purpose of misleading the court and obtaining an unjust judgment.

3. Fraud on the court is recognized as an exception to **res judicata**, as established in *United States v. Throckmorton*, 98 U.S. 61 (1878). Defendant's deliberate concealment of the Errata from the judicial process interfered with the court's ability to adjudicate the matter fairly and impartially, thereby depriving Plaintiff of his right to a fair trial and due process.

4. Defendant's actions constitute fraud on the court because they involved officers of the court (attorneys), whose deliberate acts of deception were intended to corrupt the judicial process itself. The concealed Errata, which would have corrected the defective pleading, was a material document critical to the court's decision-making process. By suppressing this information, Defendant manipulated the judicial process to secure an improper and unjust judgment.

5. The U.S. Supreme Court, in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), held that fraud upon the court occurs when a party, through deceptive conduct, undermines the integrity of the judicial process, and warrants setting aside judgments tainted by such deceit.

Defendant's actions in this case mirror the fraudulent conduct in *Hazel-Atlas*, as the court relied on incomplete and deceptive information when issuing its ruling, which resulted in an unjust dismissal of Plaintiff's claims.

6. As a direct and proximate result of Defendant's fraud on the court, Plaintiff has suffered substantial harm, including but not limited to:

   - The denial of Plaintiff's rightful claims and a fair opportunity to litigate his case;

   - Emotional distress, mental anguish, and reputational harm;

   - Significant financial losses, including the costs of litigating these fraudulent proceedings and addressing Defendant's misconduct.

7. Plaintiff requests that this Court set aside any judgments that were fraudulently obtained as a result of Defendant's misconduct and grant all appropriate relief, including compensatory and punitive damages, attorney's fees, and any further relief that the Court deems just and proper, pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure.

26

**Elements of Fraud Upon the Court:**

*Fraud upon the court typically involves:*

- **Intentional Misconduct**: The perpetrator must act with the intent to deceive the court, such as by concealing critical information, submitting false evidence, or misleading the judge.

- **Involvement of Court Officials**: The fraud often involves officers of the court, including attorneys or other representatives, who are bound by an ethical duty to be truthful to the court.

- **Impact on the Judicial Process**: The fraud must have a direct effect on the functioning of the judicial system itself, not just on the parties involved. The fraud must prevent the court from carrying out its essential role of impartial adjudication.

### FOURTH CAUSE OF ACTION:

Mail Fraud (18 U.S.C. § 1341) and Wire Fraud (18 U.S.C. § 1343)

1. Plaintiff incorporates by reference all prior allegations.

27

2. Defendant, through its agents, engaged in a scheme to defraud Plaintiff by using **mail** and **electronic communications**, in violation of 18 U.S.C. §§ 1341 and 1343, constituting predicate acts under RICO.

3. The Ninth Circuit in *United States v. Lazarenko*, 564 F.3d 1026 (9th Cir. 2009) confirmed that schemes involving mail or wire fraud are sufficient to invoke RICO jurisdiction.

## FIFTH CAUSE OF ACTION:

### Due Process Violations

1. Plaintiff incorporates by reference all prior allegations.

2. Defendant's fraudulent actions deprived Plaintiff of his constitutional right to due process, as established in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). The improper judgment rendered by the court without consideration of the correct pleadings constitutes a due process violation.

28

## SIXTH CAUSE OF ACTION:

Conspiracy to Defraud (18 U.S.C. § 371)

1. Plaintiff incorporates by reference all prior allegations.

2. Defendant conspired with its attorneys to defraud Plaintiff by concealing material information and misleading the court. This conspiracy violated 18 U.S.C. § 371 (Conspiracy to Defraud the United States), as well as other statutes.

3. The Ninth Circuit in *United States v. Irwin*, 654 F.2d 671 (9th Cir. 1981) established that civil conspiracy may be actionable where there is harm to a private plaintiff.

## SEVENTH CAUSE OF ACTION:

Obstruction of Justice (18 U.S.C. § 1503)

1. Plaintiff incorporates by reference all prior allegations.

2. Defendant obstructed the administration of justice by concealing the Errata, thereby misleading the court, in violation of 18 U.S.C. § 1503.

29

3. The U.S. Supreme Court in *Marinello v. United States*, 138 S. Ct. 1101 (2018) emphasized the seriousness of obstruction of justice, warranting severe penalties.

## EIGHTH CAUSE OF ACTION:

Declaratory Judgment (28 U.S.C. § 2201)

1. Plaintiff incorporates by reference all prior allegations.

2. Plaintiff seeks declaratory relief under 28 U.S.C. § 2201, asserting that Defendant's actions violated federal statutes, including 18 U.S.C. §§ 1341, 1343, and 1961 et seq. (RICO), and that Plaintiff is entitled to relief.

## NINTH CAUSE OF ACTION:

Unfair Competition (California Business & Professions Code § 17200)

1. Plaintiff incorporates by reference all prior allegations.

2. Defendant engaged in fraudulent business practices in violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, causing harm to Plaintiff and the public at large.

## TENTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress (IIED)

42 U.S.C. § 1983

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

2. Defendant State Farm, by and through its agents and attorneys, engaged in extreme and outrageous conduct by intentionally concealing the Errata to the First Amended Complaint for Damages and manipulating the court process to obtain a fraudulent judgment against Plaintiff.

3. Defendant's actions were intentional or undertaken with reckless disregard for the likelihood of causing emotional distress to Plaintiff, in violation of Plaintiff's rights under 42 U.S.C. § 1983, as Defendant's conduct, though ostensibly private, was undertaken under color of state law through its undue influence on the judicial process, as affirmed in *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982).

4. The U.S. Supreme Court has established that conduct causing extreme emotional distress can form the basis for constitutional tort claims under

42 U.S.C. § 1983 where deprivation of due process is involved, as outlined in *Paul v. Davis*, 424 U.S. 693 (1976).

5. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress, including anxiety, mental anguish, and loss of sleep. Defendant's conduct was so extreme and outrageous as to go beyond all bounds of decency in a civilized society, justifying an award of damages under federal law.

## ELEVENTH CAUSE OF ACTION:

Negligent Misrepresentation

• 18 U.S.C. § 1341 – Mail Fraud
• 18 U.S.C. § 1343 – Wire Fraud
• 18 U.S.C. § 1961 et seq. – RICO (Racketeer Influenced and Corrupt Organizations Act)

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

2. Defendant State Farm, by and through its agents and attorneys, made material misrepresentations by concealing the Errata to the First Amended Complaint for Damages and presenting incomplete or false information to the court. Such concealment constitutes violations of 18

U.S.C. § 1341 (Mail Fraud) and 18 U.S.C. § 1343 (Wire Fraud), predicate offenses under the Racketeer Influenced and Corrupt Organizations Act (RICO).

3. Defendant had a duty to provide truthful and complete information during the course of litigation but failed to exercise reasonable care in ensuring that the court was fully informed, constituting negligent misrepresentation under both federal fraud statutes and as affirmed by the Ninth Circuit in *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353 (9th Cir. 2005).

4. Plaintiff reasonably relied on the information and actions of Defendant, to his detriment, resulting in an improper judgment being entered against him.

5. As a direct and proximate result of Defendant's negligent misrepresentation, Plaintiff suffered financial harm, damage to his legal rights, and reputational injury. These actions also serve as predicate acts under 18 U.S.C. § 1961 et seq. (RICO).

## TWELFTH CAUSE OF ACTION:

Unjust Enrichment

- 18 U.S.C. § 1961 et seq. – RICO
- 28 U.S.C. § 2201 – Declaratory Judgment Act

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

2. Defendant State Farm was unjustly enriched by obtaining a fraudulent judgment through the concealment of the Errata to the First Amended Complaint for Damages, in violation of 18 U.S.C. § 1961 et seq. (RICO), as part of a scheme to defraud Plaintiff and the court.

3. Defendant's fraudulent conduct allowed it to retain benefits, including the dismissal of claims and avoidance of liability, at Plaintiff's expense. The U.S. Supreme Court in *Harris Trust & Savings Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238 (2000) held that unjust enrichment claims may arise where wrongful conduct results in the unjust benefit of one party.

4. Equity and good conscience require Defendant to make restitution to Plaintiff for the unjust benefits it received as a result of its wrongful actions.

34

5. Plaintiff seeks an order from this Court compelling Defendant to disgorge any unjustly obtained benefits and provide restitution to Plaintiff pursuant to the equitable relief provisions under 28 U.S.C. § 2201 (Declaratory Judgment Act).

## THIRTEENTH CAUSE OF ACTION:

Constructive Fraud

- 42 U.S.C. § 1983 – Deprivation of rights under color of state law
- 18 U.S.C. § 1503 – Obstruction of Justice
- 18 U.S.C. § 1961 et seq. – RICO

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

2. Defendant State Farm, by virtue of its fiduciary relationship with Plaintiff and the duties it owed under the insurance contract, breached its duty to act in good faith by failing to disclose the Errata to the First Amended Complaint for Damages. Such non-disclosure, intended to deceive the court and Plaintiff, constitutes **constructive fraud.**

3. Constructive fraud arises when there is a duty to disclose, as recognized in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). The failure to

disclose material information that deprives Plaintiff of legal rights is actionable under both RICO and 42 U.S.C. § 1983.

4. Defendant's failure to disclose this material information also constitutes **obstruction of justice** under 18 U.S.C. § 1503, as the concealment interfered with Plaintiff's right to a fair trial and the proper administration of justice.

5. As a result of Defendant's constructive fraud, Plaintiff suffered significant financial and legal harm and is entitled to damages under both RICO and 42 U.S.C. § 1983.

## FOURTEENTH CAUSE OF ACTION:

Civil Conspiracy

- 18 U.S.C. § 371 – Conspiracy to Defraud the United States
- 18 U.S.C. § 1961 et seq. – RICO
- 18 U.S.C. § 1503 – Obstruction of Justice

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

2. Defendant State Farm, in concert with its agents and attorneys, entered into a conspiracy to defraud Plaintiff by concealing the Errata to

36

<u>the First Amended Complaint for Damages</u> and misleading the court, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1961 et seq. (RICO).

3. The conspiracy involved a coordinated effort to interfere with the legal process, thereby obstructing justice under 18 U.S.C. § 1503. As the Ninth Circuit held in *United States v. Perlaza*, 439 F.3d 1149 (9th Cir. 2006), conspiracies that harm the administration of justice are subject to severe penalties and civil liabilities under federal law.

4. The purpose of the conspiracy was to obtain an improper judgment dismissing Plaintiff's claims, thereby depriving Plaintiff of his legal rights.

5. As a direct and proximate result of the conspiracy, Plaintiff suffered damages, including financial loss, damage to his legal claims, and reputational harm, entitling Plaintiff to relief under 18 U.S.C. § 1964(c) for RICO damages.

## FIFTEENTH CAUSE OF ACTION:

Breach of the Covenant of Good Faith and Fair Dealing

- 42 U.S.C. § 1983 – Civil rights violations
- 18 U.S.C. § 1341 – Mail Fraud
- 18 U.S.C. § 1343 – Wire Fraud

37

• 18 U.S.C. § 1961 et seq. – RICO

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

2. Plaintiff entered into an fiduciary contract with Defendant State Farm, which contained an implied covenant of good faith and fair dealing under federal law. As noted in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), parties are required to act in good faith in executing their contractual obligations.

3. Defendant breached the covenant of good faith and fair dealing by intentionally concealing the <u>Errata to the First Amended Complaint for Damages</u>, thereby depriving Plaintiff of the benefits and protections of the contract, in violation of 18 U.S.C. §§ 1341 and 1343 (Mail and Wire Fraud).

4. Defendant's conduct, designed to deny Plaintiff a fair opportunity to pursue his legal claims, constituted **bad faith** in violation of Plaintiff's rights under 42 U.S.C. § 1983.

5. As a direct and proximate result of Defendant's breach, Plaintiff suffered significant financial harm and is entitled to compensatory and

punitive damages under 42 U.S.C. § 1983 and 18 U.S.C. § 1964(c) for RICO treble damages.

## FIFTEENTH CAUSE OF ACTION

Civil Perjury

(Based on False Testimony and Statements in a Civil Proceeding)

1. Plaintiff incorporates by reference all preceding paragraphs of this Verified Complaint as though fully set forth herein.

2. Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), through its employees, agents, and representatives, knowingly and willfully made false statements and submitted false testimony in connection with legal proceedings related to this case. These statements were material to the issues in the case and were made with intent to deceive, thereby constituting fraud on the court.

3. Civil Perjury as a Tort: Although perjury is a criminal offense under 18 U.S.C. § 1621, the Plaintiff asserts that Defendant's conduct, in

providing false testimony under oath, forms the basis of a civil tort claim. The civil claim arises from the harm caused by Defendant's intentional misrepresentations, which directly resulted in damage to the Plaintiff's legal position and rights.

4. Defendant's false declarations were made during judicial proceedings, including but not limited to depositions, affidavits, and sworn testimony, and concerned material facts essential to the adjudication of this case. Specifically, Defendant's false statements include:

  - Misrepresenting the nature and scope of Defendant's involvement in the fraudulent acts alleged;

  - Misstating Defendant's knowledge of the extrinsic fraud committed against Plaintiff;

  - Falsifying communications and actions undertaken by Defendant during claims negotiations and litigation processes.

5. Materiality of the False Statements: The court relied on these false statements in making critical rulings that adversely affected Plaintiff's legal claims. The falsified information misled the court, obstructed

justice, and improperly influenced the outcome of the proceedings in favor of Defendant.

6. As a direct and proximate result of Defendant's false testimony, Plaintiff has suffered substantial damages, including but not limited to:

   - The denial of Plaintiff's rightful claims;

   - Unjust rulings and judgments in Defendant's favor;

   - Emotional distress, mental anguish, and reputational harm;

   - Significant financial losses, including the costs associated with litigating and addressing the fraudulent statements.

7. Defendant's false testimony amounts to civil fraud, which allows Plaintiff to seek remedies based on the harm caused by Defendant's misconduct. Although perjury under 18 U.S.C. § 1621 is a criminal statute, the civil action for fraud is based on Defendant's deliberate and knowing falsification of material facts during civil proceedings, warranting a civil remedy.

8. Plaintiff demands judgment against Defendant State Farm for the following relief:

- Compensatory damages in an amount to be determined at trial;

- Punitive damages in an amount sufficient to punish and deter Defendant from engaging in such unlawful conduct in the future;

- Costs of this action, including reasonable attorney's fees;

- Any other relief the Court deems just and proper.

## SIXTEENTH CAUSE OF ACTION:

Breach of Fiduciary Duty

1. Plaintiff incorporates by reference all prior allegations of this Verified Complaint as though fully set forth herein.

2. Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by virtue of its position as a party in multiple civil proceedings with Plaintiff, owed certain fiduciary duties related to good faith, fair dealings, and honest representations in legal matters.

42

3. As part of the litigation process and in dealings with the Plaintiff, Defendant had an obligation to act in a manner that was not deceptive, fraudulent, or intended to manipulate the court. While not an insured party of Defendant, Plaintiff was nonetheless entitled to fair treatment and adherence to legal and fiduciary duties by Defendant and its agents, particularly during settlement negotiations, discovery processes, and court proceedings.

4. Defendant breached its fiduciary duties to Plaintiff through the following actions:

 - Knowingly concealing material information and evidence, including the Errata to the First Amended Complaint, which would have corrected defects in Plaintiff's legal filings;

 - Engaging in fraudulent actions during settlement discussions with Plaintiff, leading Plaintiff to believe that they were negotiating in good faith while actively concealing information;

 - Misleading the court with false statements and misrepresentations intended to obtain unjust rulings, in violation of the principles of fairness and transparency required in litigation.

5. Defendant's conduct amounted to a breach of the fiduciary duties of good faith, honesty, and fair dealings, resulting in harm to Plaintiff's legal rights, including the denial of Plaintiff's rightful claims and the rendering of unjust judgments.

6. As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiff has suffered substantial damages, including:

   - The denial of his legal claims due to extrinsic fraud;

   - Financial losses in the form of legal fees, costs, and lost opportunities for settlement;

   - Reputational damage and emotional distress resulting from Defendant's deceitful litigation conduct.

7. Plaintiff seeks relief in the form of compensatory damages in an amount to be determined at trial, as well as punitive damages sufficient to punish and deter Defendant from engaging in such breaches of fiduciary duty in the future.

# Iustitia victrix iniustitiae.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Frederick Piña respectfully prays that this Honorable Court enter judgment in his favor and grant the following relief:

1. <u>Compensatory Damages</u>: Award Plaintiff compensatory damages in the amount of **$3,000,000,000.00** for the harm suffered as a direct and proximate result of Defendant's unlawful and fraudulent conduct, including but not limited to financial losses, legal damages, and reputational harm.

2. <u>Punitive Damages</u>: Award Plaintiff punitive damages in the amount of **$3,000,000,000.00** to punish Defendant for its willful, wanton, and malicious conduct, and to deter such future conduct, pursuant to applicable federal and state laws.

3. <u>Civil RICO Treble Damages</u>: Award Plaintiff treble damages in the amount of **$9,000,000,000.00** under the Racketeer Influenced and

Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c), for Defendant's pattern of racketeering activity, including mail fraud, wire fraud, and obstruction of justice.

4. <u>Pre-Judgment Interest</u>: Award Plaintiff pre-judgment interest on all sums awarded, from the date of injury to the date of judgment, at the maximum rate allowed by law, to fully compensate Plaintiff for the time during which he has been deprived of the use of the damages awarded.

5. <u>Post-Judgment Interest</u>: Award Plaintiff post-judgment interest on all sums awarded, from the date of judgment until paid in full, at the maximum rate allowed by law.

6. <u>Attorneys' Fees and Costs</u>: Award Plaintiff his reasonable attorneys' fees and costs pursuant to applicable federal statutes, including 18 U.S.C. § 1964(c) (RICO), and any other applicable law or rule, as Plaintiff is entitled to such fees as a pro se litigant pursuing RICO and other federal claims.

7. <u>Injunctive and Declaratory Relief</u>: Grant such injunctive and declaratory relief as necessary to prevent Defendant from engaging in further unlawful, fraudulent, or racketeering activities, and to declare that Defendant's actions violated federal laws, including RICO and 42 U.S.C. § 1983.

8. <u>Any Other Relief</u>: Award Plaintiff such other and further relief as this Court may deem just and proper under the circumstances, including but not limited to the setting aside of any prior judgments obtained by fraud, and the reinstatement of Plaintiff's rightful claims.

Respectfully submitted,

/s/ Frederick Piña

FREDERICK PIÑA, *Plaintiff Pro Se*

90 Vreeland Street, #4
Staten Island, New York 10302-1464
(929) 944-7029 voice
Pina.frederick@gmail.com

DATED: Wednesday, October 9, 2024

47

# **VERIFICATION**

I, Frederick Piña, the Plaintiff in the above-entitled action, hereby declare as follows:

I am the Plaintiff in this action. I have read the foregoing Verified Complaint for Damages, and I know the contents thereof. The same is true to the best of my knowledge, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 9th day of October 2024, at Staten Island, New York.

/s/ Frederick Piña, *Plaintiff Pro Se*

## <u>EVIDENCE PROVING ALL COUNTS AGAINT DEFENDANT</u>

<span style="color:red">Plaintiff Frederick Piña Hereby Meets All of his Burdens of Proofs</span>

1. **Civil RICO Act (18 U.S.C. § 1961 et seq.)**

   - <u>Conduct</u>: The defendant must have conducted or participated in the enterprise's affairs through a pattern of racketeering activity.

   - <u>Evidence:</u> Defendant State Farm, through its attorneys and agents, engaged in multiple fraudulent schemes, including concealment of critical documents such as the ERRATA (Exhibits A, B). The fraudulent suppression of these documents forms part of their ongoing misconduct.

   - <u>Enterprise</u>: The enterprise must be a group associated together for a common purpose.

   - <u>Evidence</u>: The Defendant's legal team, corporate representatives, and associated agents conspired to conceal evidence and defraud the court as shown by coordinated efforts to file false statements and mislead the judicial process (Exhibit D).

- <u>Pattern of Racketeering Activity</u>: The pattern must consist of at least two acts of racketeering (e.g., mail fraud, wire fraud, obstruction).

- <u>Evidence</u>: Evidence of mail fraud (Exhibit G), wire fraud (Exhibit K), and obstruction of justice (Exhibit E), demonstrates a clear pattern of criminal activity designed to deceive the Plaintiff and the courts.

- <u>Injury to Business or Property</u>: Plaintiff must show actual injury to business or property.

- <u>Evidence</u>: Plaintiff has suffered substantial financial losses, including litigation costs and the loss of legal claims, due to State Farm's fraudulent and extrinsic activities (Exhibits M and H).

2. **42 U.S.C. § 1983 (Civil Rights Violations)**

- <u>Act Under Color of State Law</u>: The defendant acted with state authority or in collusion with state officials.

- <u>Evidence</u>: State Farm, acting in collusion with judicial officers, intentionally withheld critical documents, including the ERRATA, to manipulate court proceedings and deprive Plaintiff of his due process rights (Exhibit A, B).

- <u>Deprivation of Rights</u>: The plaintiff must show the deprivation of a constitutional right.

- <u>Evidence</u>: State Farm's fraudulent conduct deprived Plaintiff of his Fourteenth Amendment right to due process by obtaining an unjust judgment based on incomplete pleadings (Exhibits A, E).

3. **Fraud on the Court**

- <u>Misrepresentation</u>: False statements or concealed facts in judicial proceedings.

- Evidence: State Farm concealed the ERRATA (Exhibit B) and submitted incomplete pleadings, leading to a dismissal based on false pretenses.

- Intent: The defendant intended to mislead the court.

- Evidence: State Farm's legal counsel knowingly concealed material facts (Exhibit D), with the intention to secure an unjust judgment.

- Materiality: The misrepresentation was material and impacted the court's decision.

- Evidence: The ERRATA (Exhibit A), if considered, would have corrected material defects in the Plaintiff's First Amended Complaint. Its concealment directly impacted the court's ruling (Exhibit C).

4. **Mail Fraud (18 U.S.C. § 1341) and Wire Fraud (18 U.S.C. § 1343)**

- Scheme to Defraud: The defendant must have participated in a scheme to defraud.

- <u>Evidence</u>: State Farm engaged in fraudulent actions by communicating false information via mail and wire communications, as evidenced by the falsified statements and concealed court documents (Exhibit G for mail fraud, and Exhibit K for wire fraud).

- <u>Use of Mail or Wire</u>: The defendant used mail or interstate wire communications in furtherance of the fraud.

- Evidence: Exhibit G provides evidence of fraudulent communications sent through mail, while Exhibit K documents the misuse of wire communications to further the scheme.

- <u>Harm to Plaintiff</u>: The plaintiff must have suffered harm as a result of the fraud.

- <u>Evidence</u>: Plaintiff was harmed by the resulting dismissal of his claims, leading to financial and legal damages (Exhibit M).

5. **Due Process Violations (42 U.S.C. § 1983)**

- <u>Deprivation of Constitutional Right</u>: The plaintiff must prove a deprivation of life, liberty, or property without due process.

- <u>Evidence</u>: State Farm's actions deprived Plaintiff of his property rights (legal claims) by securing a judgment without due process, as the ERRATA was intentionally withheld from judicial consideration (Exhibit A).

6. **Conspiracy to Defraud (18 U.S.C. § 371)**

 - Agreement: There must be an agreement to defraud.

  - Evidence: State Farm's legal counsel and corporate officers conspired to conceal material documents, as shown by the coordinated withholding of the ERRATA (Exhibit D).

 - <u>Overt Act</u>: An overt act must be taken to further the conspiracy.

  - <u>Evidence</u>: The submission of incomplete pleadings (Exhibit C) and falsified declarations (Exhibit J) are overt acts taken in furtherance of the conspiracy.

 - <u>Harm</u>: The conspiracy caused harm to the plaintiff.

  - <u>Evidence</u>: Plaintiff suffered substantial financial losses, legal harm, and reputational damage due to State Farm's fraudulent conspiracy (Exhibit M).

7. **Obstruction of Justice (18 U.S.C. § 1503)**

- <u>Corrupt Intent</u>: The defendant acted with intent to obstruct justice.

- <u>Evidence</u>: State Farm's concealment of the ERRATA (Exhibit B) was intended to obstruct justice by preventing the court from considering all relevant pleadings.

- <u>Nexus</u>: The obstructive act must have a connection to a judicial proceeding.

- <u>Evidence</u>: The concealment directly interfered with the Plaintiff's civil proceedings in the Los Angeles Superior Court, as demonstrated by the court's reliance on incomplete pleadings (Exhibit C).

8. **Declaratory Judgment (28 U.S.C. § 2201)**

- <u>Actual Controversy</u>: There must be a substantial controversy between the parties.

- <u>Evidence</u>: The ongoing litigation and pattern of fraud by State Farm provide a substantial controversy warranting declaratory relief (Exhibits C and E).

9. **Unfair Competition (California Business & Professions Code § 17200)**

- <u>Unlawful, Unfair, or Fraudulent Acts</u>: The defendant must have engaged in business practices that are unlawful, unfair, or fraudulent.

- <u>Evidence</u>: State Farm engaged in fraudulent business practices by concealing material information and submitting false statements during the litigation process (Exhibits A and D).

10. **Intentional Infliction of Emotional Distress (IIED)**

- <u>Extreme and Outrageous Conduct</u>: The defendant's conduct must be extreme and outrageous.

- <u>Evidence</u>: State Farm's ongoing fraudulent actions, including intentional concealment and extrinsic fraud, constitute extreme and outrageous conduct (Exhibits C and J).

- <u>Intent or Recklessness</u>: The defendant acted with intent or reckless disregard for causing emotional distress.

- <u>Evidence</u>: The actions of State Farm were intentionally designed to undermine Plaintiff's legal rights, causing him severe distress (Exhibit D).

11. **Negligent Misrepresentation**

- <u>False Representation</u>: The defendant made a false statement of material fact.

- <u>Evidence</u>: State Farm's attorneys falsely represented that the ERRATA was not filed, despite evidence to the contrary (Exhibit A).

- <u>Reasonable Reliance</u>: The plaintiff reasonably relied on the defendant's statements.

- <u>Evidence</u>: Plaintiff relied on the assumption that State Farm's legal counsel was acting in good faith during the litigation (Exhibit M).

12. **Unjust Enrichment**

- <u>Enrichment at Plaintiff's Expense</u>: The defendant was unjustly enriched at the expense of the plaintiff.

- <u>Evidence</u>: State Farm unjustly benefited by obtaining a dismissal of Plaintiff's claims through fraudulent means, resulting in Plaintiff's financial loss (Exhibit M).

13. **Constructive Fraud**

- <u>Fiduciary Duty</u>: The defendant owed a fiduciary duty to the plaintiff.

- <u>Evidence</u>: State Farm had a duty to act in good faith during the litigation process but breached that duty by concealing material documents (Exhibit D).

14. **Civil Conspiracy**

  - <u>Agreement to Commit Unlawful Acts</u>: There must be an agreement between two or more parties to commit an unlawful act.

   - <u>Evidence</u>: State Farm's legal team conspired to withhold critical documents, as demonstrated by coordinated false statements and the suppression of the ERRATA (Exhibit D).

15. **Breach of the Covenant of Good Faith and Fair Dealing**

  - <u>Bad Faith Conduct</u>: The defendant acted in bad faith, frustrating the contract or agreement.

   - <u>Evidence</u>: State Farm's legal team acted in bad faith by intentionally frustrating the litigation process, leading to an unjust outcome for Plaintiff (Exhibit C).

16. **Civil Perjury**

- <u>False Statements Under Oath</u>: The defendant made false statements under oath.

- <u>Evidence</u>: State Farm's attorneys made false statements during court proceedings, as evidenced by their misrepresentations concerning the ERRATA (Exhibit J).

17. **Breach of Fiduciary Duty**

- <u>Breach of Duty</u>: The defendant breached a fiduciary duty owed to the plaintiff.

- <u>Evidence</u>: State Farm breached its fiduciary duties to Plaintiff by failing to act in good faith and concealing material documents (Exhibit D).

## EXHIBIT A:

The Electronic Receipt of Plaintiff Pro Se haven properly served the Errata to the First Amended Complaint for Damages to the Defendant.

 (/Dashboard)



## Order #17333436: eFiling & eServe

Submitted: 12/7/2021 12:25 PM ET



**Accepted**

Court Transaction #21LA04441461

MESSAGE FROM THE COURT CLERK: Accepted

## Documents

**Returned (3)**

Notice Of Errata To First Amended Complaint for Damages (845 KB)

Notice of E-Filing Confirmation (44 KB)

RECEIPT (21 KB)

**Your Files (1)**

| Document Title | Document Type | Pages | Status |
|---|---|---|---|
| Notice (Of Errata To First Amended Complaint for Damages) | Notice | 55 | Accepted |

## eServe Recipients

| Name | Email | Status |
|---|---|---|
| Alex Silva Van Vo | asv@skc-law.com | Viewed - 12/7/2021 12:29 PM ET<br>Retrieved - 12/7/2021 12:29 PM ET<br>Notification Sent - 12/7/2021 12:25 PM ET |
| fgdfggdg | asv@skc-law.com | Viewed - 12/10/2021 4:17 PM ET<br>Retrieved - 12/10/2021 4:16 PM ET<br>Notification Sent - 12/7/2021 12:25 PM ET |
| Pina, Frederick | pina.frederick@gmail.com | Notification Sent - 12/7/2021 12:25 PM ET |

## EXHIBIT B:

The Evidence of Plaintiff Pro Se's electronically filed ERRATA TO THE FIRST AMENDED COMPLAINT FOR DAMAGES, with both the Stanley Mosk Courthouse, and the Defendant as equally dated.

Electronically FILED by Superior Court of California, County of Los Angeles on 12/07/2021 09:25 AM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Gregg, Deputy Clerk

FREDERICK PINA, In Pro Per
90 Vreeland Street, Apt. 4
Staten Island, New York 10302
(332) 207-1861
Pina.frederick@gmail.com

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| FREDERICK PINA, | Case No.: 21STCV13962 |
| Plaintiff, An Individual | ASSIGNED FOR ALL PURPOSES TO JUDGE DAVID SOTELO |
| v. | NOTICE OF ERRATA TO FIRST AMENDED COMPLAINT FOR DAMAGES |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL | |
| Defendant, A Corporation | DATE: 11/24/2021<br>DEPT: 40<br>TRIAL DATE: NONE ASSIGNED<br>ACTION FILED: APRIL 13, 2021 |

PLEADING TITLE - NOTICE OF ERRATA TO FIRST AMENDED COMPLAINT FOR DAMAGES

For a digital copy of this actual pleading, please click the Adobe Cloud link:

https://acrobat.adobe.com/id/urn:aaid:sc:US:67f859f3-93a4-4922-bed0-f76a1068eaa1

# EXHIBIT C:

The corrupt and fraudulent "judgment" obtained by the means of
EXTRINSIC FRAUD by the Defendant.

Electronically Received 09/06/2022 05:20 PM

Electronically Received 09/06/2022 05:20 PM

SHAVER, KORFF & CASTRONOVO LLP
16255 Ventura Boulevard, Suite 850
Encino, California 91436
Phone: (818) 905-6001 / Fax: (818) 905-6004

TOD M. CASTRONOVO, STATE BAR NO. 97477
ALEX SILVA VAN VO, STATE BAR NO. 283606

**FILED**
Superior Court of California
County of Los Angeles
**09/13/2022**
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ D. Canada _____ Deputy

Attorneys for Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

FREDERICK PINA,

        Plaintiff, An INDIVIDUAL

        vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL,

        Defendant, A CALIFORNIA CORPORATION

No. 21STCV13962

[Hon. David Sotello, Dept. 40]

[~~PROPOSED~~] JUDGMENT OF DISMISSAL AFTER SUSTAINING OF DEMURRER TO FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND

Trial date: None
Complaint filed: 4/13/21

The court, having sustained defendant State Farm Mutual Automobile Insurance Company's demurrer to plaintiff in pro per Frederick Pina's first amended complaint filed in the above-entitled action, without leave granted to plaintiff to amend the first amended complaint, and having ordered that judgment of dismissal of the entire above-entitled action be entered in favor of defendant against plaintiff, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the entire above-entitled action be and hereby is dismissed, and that plaintiff take nothing as against defendant.

////

- 1 -

[~~PROPOSED~~] JUDGMENT
N:\W\TMC\SF\1121 Pina (BF)\plds\Judgement_Memo Costs\JUDGEMENT.doc

21STCV13962

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendant shall recover costs in the sum of $ __pursuant to a memorandum of costs.

DATED: ___September 13, 2022___

HON. DAVID ~~SOTELLO~~

David Sotelo / Judge

- 2 -

[~~PROPOSED~~] JUDGMENT
N:\W\TMC\SF\121 Pina (BF)\plds\Judgement_Memo Costs\JUDGEMENT.doc

**PROOF OF SERVICE**
1013A (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 16255 Ventura Boulevard, Suite 850, Encino, California 91436.

On **September 6, 2022**, I served the foregoing document described as **[PROPOSED] JUDGMENT OF DISMISSAL AFTER SUSTAINING OF DEMURRER TO FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**, on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

**Frederick Pina**
**90 Vreeland Street, #4**
**Staten Island, NY 10302**
**Phone: (332) 207-1861**
**pina.frederick@gmail.com**

[X] I deposited such envelope(s) in the mail at Encino, California, with postage prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Canyon Country, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ ] By facsimile, I transmitted such documents from Canyon Country, California, to the offices of the addressee(s).

[X] By e-mail transmission, I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the above e-mail address(es).

[ ] By personal service, I delivered such envelope(s) by hand to the office(s) of the addressee(s).

[X] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on **September 6, 2022**, at Encino, California.

*/s/ Kelly McDonagh*
_____
KELLY McDONAGH

69

**EXHIBIT D:**

The Corrupt Defendant's cancer and fruit of a poison tree, specifically;

their **FRAUD UPON THE COURT**; corruptly tainting the Los Angeles

Superior Court – Stanley Mosk Courthouse.

https://mail.google.com/mail/u/0/?ik=17d3396ab0&view=pt&...

 Gmail                                 Frederick Piña <pina.frederick@gmail.com>

## Frederick Pina v. State Farm, Case No. 21STCV13962

Joan Choi <JChoi@lacourt.org>                                       Thu, Feb 22, 2024 at 1:11 PM
To: Frederick Piña <pina.frederick@gmail.com>

Dear Mr. Pina,

Attached is a copy of your judgment signed by the Honorable David Sotelo.

[Quoted text hidden]

📄 09_06_2022_Judgment_v2.pdf
975K

1 of 1                                                                          9/3/24, 2:52 PM

# EXHIBIT E:

The Corrupt Defendant's cancer and fruit of a poison tree, specifically; their **FRAUD UPON THE COURT**; corruptly tainting the California 2nd Court of Appeals.

COURT OF APPEAL – SECOND DIST.

F I L E D

May 08, 2024

EVA McCLINTOCK, Clerk

mreal                    Deputy Clerk

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| FREDERICK PINA, | B331404 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21STCV13962) |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., | ORDER |
| Defendant and Respondent. | |

THE COURT:

The court has read and considered respondent's April 2, 2024, motion to dismiss appeal. No opposition was filed. On May 3, 2024, appellant submitted an opening brief as well as an application for leave to file exhibits in excess of 10 pages. We grant leave to file the brief and exhibits, which we have read and considered.

The notice of appeal was filed on July 10, 2023, which was 300 days after the challenged judgment was entered on September 13, 2022. Since this exceeds the time to appeal allowed by California Rules of Court, rule 8.104, the appeal must be dismissed.

Document received by the CA Supreme Court.

73

Respondent's motion is granted, and the appeal is
dismissed as untimely.

LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.

Document received by the CA Supreme Court.

**EXHIBIT F:**

The Corrupt Defendant's cancer and fruit of a poison tree, specifically; their **FRAUD UPON THE COURT**; corruptly tainting the California Supreme Court.

SUPREME COURT
FILED

AUG 14 2024

Jorge Navarrete Clerk

_____
Deputy

Court of Appeal, Second Appellate District, Division Two - No. B331404

S284975

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

FREDERICK PINA, Plaintiff and Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Defendant and Respondent.

The requests for judicial notice are denied.
The motion for leave to file supplemental brief is denied.
The motion for leave to file attachment to supplemental brief is denied.
The petition for review is denied.

**GUERRERO**
*Chief Justice*

**EXHIBIT G:**

Evidence of Wire Fraud by the Defendant

RE: Pina v State Farm

**Subject:** RE: Pina v State Farm
**From:** Tod Castronovo <tmc@SC-LAW.CO>
**Date:** 9/23/2024, 10:47 AM
**To:** Frederick Pina <pina.frederick@gmail.com>

Mr. Pina:

The issues you raise have already been adjudicated. I anticipate we will be filing a motion to have you declared a vexatious litigant.

Just so you know, your appeal had to be from the judgment where our demurrer to your first amended complaint was sustained without leave to amend. The court of appeal dismissed your appeal because it was not timely filed. The later orders you attempted to appeal from were orders which were non appealable.

Tod M. Castronovo
Shaver Castronovo LLP
16255 Ventura Boulevard, Suite 850
Encino, CA 91436
818.905.6001 x113
818.905.6004 / fax

Confidentiality Notice:   This communication contains information that is privileged or confidential within the meaning of the Rules of Professional Conduct and related state rules of professional conduct pertaining to attorney-client communications.  Do not disclose or distribute this communication to anyone other than the intended recipients. Please contact the above-signed if this message has been received in error.

---

**From:** Frederick Pina <pina.frederick@gmail.com>
**Sent:** Monday, September 23, 2024 7:34 AM
**To:** Tod Castronovo <tmc@SC-LAW.CO>
**Subject:** Re: Pina v State Farm

Good morning Mr. Castronovo,

Thanks for the prompt response. Also... May I ask, what is exactly the current position of State Farm in this legal matter?

- F

On 9/23/24 10:28 AM, Tod Castronovo wrote:

> Mr. Pina:
>
> State Farm has asked that I convey to you that your latest demand for settlement has been considered and is rejected.
>
> Tod M. Castronovo
> Shaver Castronovo LLP
> 16255 Ventura Boulevard, Suite 850
> Encino, CA 91436
> 818.905.6001 x113

**EXHIBIT H:**


Additional Evidence of Wire Fraud on an Earlier Incident of Extrinsic

Fraud by the Defendant

 Gmail

Frederick Piña <pina.frederick@gmail.com>

## RE: Pina IME Today M&C IME

**Michael Madigan** <michael.madigan.t1xh@statefarm.com>                    Wed, Mar 22, 2017 at 1:56 PM
To: Frederick Piña <pina.frederick@gmail.com>

Mr. Pina,

All discovery issues have been resolved through the Court.

Second, we are trying to get dates today, and once obtained, I will immediately forward to you for you to accept the date most convenient for you.

**From:** Frederick Piña [mailto:pina.frederick@gmail.com]
**Sent:** Wednesday, March 22, 2017 10:47 AM
**To:** Michael Madigan <michael.madigan.t1xh@statefarm.com>
**Subject:** RE: Pina IME Today M&C IME

**Source:** *Plaintiff Pro Se's personal Gmail account, Dated: 03/22/2017*

## EXHIBIT I:

Evidence of Mail Fraud by the Defendant in An Earlier Incident of Extrinsic Fraud.

In this earlier incident, Defendant NEVER informed Los Angeles Superior Court judge Patricia N. Nieto, of Plaintiff's compliance with his Court order for all discovery material to be turned over to the Defendant.



Source: *United States Postal Service, Dated: 08/12/2016*

# EXHIBIT J:

In the earlier incident of Extrinsic Fraud, Defendant is secretly recorded

directly, willfully lying to a sitting California state judge, inside her own

courtroom.

In this secret audio tape of a court hearing, that was taken on Friday, December 22, 2017; at the Stanley Mosk Courthouse, involving then presiding Los Angeles Superior Court Judge Patricia N. Nieto, corrupt State Farm Insurance lawyer Michael V. Madigan; and myself as Plaintiff Pro Se; illustrates the lies of State Farm.

**SECRET AUDIO EVIDENCE OF PERJURY IN COURT**

**The Google Drive Link:**

https://drive.google.com/file/d/1RDz8Lzh9Ms79QRcsJuDAW-hcj2hAZlOV/view?usp=drive_link

At the **12:09 Mark**, corrupt insurance lawyer Michael V. Madigan is heard lying to Los Angeles Superior Court judge Patricia N. Nieto; that he **"...HAD NOT..."** had the opportunity to Meet and Confer with Plaintiff, etc.; yet at about 6-minutes later; at the **18:28 Mark**, this same corrupt insurance lawyer; Michael V. Madigan is also clearly heard contradicting himself; by "informing" Judge Nieto; that he wants to be sure, that there is **"...NO LINGERING DOUBT..."**, that he **"...HAS..."** in fact; Meet and Conferred with my prior attorneys. And about

84

**"...OTHER VARIOUS ISSUES...".** This is how cavalier and profuse their lies are.

**EXHIBIT K:**

In an earlier incident of Extrinsic Fraud, the Defendant commits Wire Fraud through their own corporate e-mail account system.

## FURTHER EVIDENCE OF A CORPORATE CONSPIRACY TO DEFRAUD, ACTUAL FRAUD AND ADDITONALLY, FRAUD UPON THE COURT:



**Source:** *Plaintiff Pro Se's personal Gmail account, dated: 01/23/2018*

# EXHIBIT L

**Signed Declaration from Plaintiff's Prior Attorney-of-Record ("John Jahrmarkt") affirming that he NEVER received the purported discovery material in question, in an earlier civil lawsuit.**

**This Exhibit directly contracts Defendant's lies on Exhibit K.**

# THE SIGNED DECLARATION OF

# PLAINTIFF'S FORMER COUNSEL ("JOHN JAHRMARKT")



SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| Frederick Piña, an individual | ) CASE NO.:BC546729 |
| | ) |
| | ) **DECLARATION OF JOHN** |
| Plaintiff, | ) **JAHRMARKT** |
| v. | ) |
| | ) Judge: Hon. Patricia Nieto |
| | ) Department: 91 |
| Amanda Mettler, Janelle Hallier, Laurent | ) Trial Date: April 11th, 2018 |
| Hallier, and DOES 1 through 90, inclusive, | ) |
| | ) |
| Defendants. | ) |
| _____ | )) |

I, JOHN JAHRMARKT, declare:

1.    I am an attorney at law duty admitted to practice in the State of California and also the former attorney-of record for plaintiff herein and make this declaration in support of Plaintiff's Motion for an order setting aside and/or terminating sanctions against him regarding the granting MOTION FOR EVIDENCE SANCTIONS FOR FAILURE TO OBEY COURT Dated: February 9, 2017.

2.    I have looked in my files and I do not see any supplemental requests for

2.    I have looked in my files and I do not see any supplemental requests for production of documents or interrogatories. If these requests were served on my office, they did not make it into my file on this case and if that is the case it would have been a mistake in my office to not have the discovery requests in the file. I did not respond to any requests for supplemental discovery. If I was served with these request and did not respond, that would be a mistake by my office.

-1-

DECLARATION OF JOHN JAHRMARKT

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct

Dated: January 26, 2018

By: _____
      JOHN JAHRMARKT

# EXHIBIT M:

**A secondary, fraudulent Judgment obtained by the Defendant, through the means of a corporate criminal conspiracy, and Fraud Upon the Court, in addition to their Extrinsic Fraud.**

**If the Court needs the actual document, please click the Adobe Cloud link:**

**https://acrobat.adobe.com/link/review?uri=urn:aaid:scds:US:d34 cf6e6-c642-3949-b893-783619b09651**



Michael V. Madigan, State Bar No. 113794
MARK R. WEINER & ASSOCIATES
Employees of the Law Department
State Farm Mutual Automobile Insurance Company
655 North Central Avenue, 12th Floor
Glendale, California 91203-1434
Telephone: (818) 543-4000 / FAX: (855) 396-3606

Attorneys for defendants Amanda Barclay Mettler, Janelle
Hallier, and Laurence Hallier

FILED
Superior Court of California
County of Los Angeles

JAN 05 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Judi Lara

RECEIVED
JAN 05 2017
FILING WINDOW

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

Frederick Pina,

    Plaintiffs,

        v.

Amanda Mettler, Janelle Hallier, Laurent
Hallier, and Does 1 to 90 inclusive,

    Defendants.

NO. BC546729
Complaint Filed: May 23, 2014
Judge: Hon. Patricia Nieto
Department: 91
Trial Date: March 23, 2017

Date:    February 9, 2017
Time:    1:30 p.m.
Dept.:    91

RES ID: 161209179985

NOTICE OF MOTION AND MOTION
FOR EVIDENCE SANCTION FOR
FAILURE TO OBEY COURT ORDER;
MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARTION OF
MICHAEL V. MADIGAN
[Code of Civil Procedure §§ 2030.290 and
2031.300]

TO PLAINTIFF FREDERICK PINA IN PRO PER

    PLEASE TAKE NOTICE that on February 9, 2017, at 1:30 p.m., or as soon thereafter as

counsel may be heard in Department 91 of the above entitled court, located at 111 North Hill

Source: *Los Angeles Superior Court, Case No.: BC546729 – Dated: 01/07/2017*